UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELTON PORTER MARINE INSURANCE AGENCY, | § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION H-11-4432 |
| MARKEL AMERICAN INSURANCE COMPANY and AMERICAN UNDERWRITING MANAGERS AGENCY, INC., | § § § § § § § | |
| *Defendants*. | § | |

**ORDER**

Pending before the court is a motion to dismiss filed by defendants Markel American Insurance Company and American Underwriting Managers Agency, Inc. (collectively, "Defendants"). Dkt. 4. Upon consideration of the motion, responses, and the applicable law, Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART.

**I. BACKGROUND**

Plaintiff, Elton Porter Marine Insurance Agency ("Elton Porter"), is an independent insurance agency that specializes in all types of marine insurance. Dkt. 1-1. Elton Porter entered into a Producer Agreement on or about April 1, 2007 with American Underwriting Managers Agency, Inc. ("American") to produce business to be insured by Markel American Insurance Company ("Markel"). *Id.* The Producer Agreement authorized Elton Porter to (a) solicit proposals or applications; (b) bind insurance policies and endorsements; (c) issue insurance policies and endorsements; and (d) evaluate renewals within the limits of coverage. Dkt. 6. On January 18, 2011, Markel gave notice to Elton Porter that the Producer Agreement between Elton Porter, Markel, and

American would be terminated on March 31, 2011.  Dkt. 4, Ex. C.  Elton Porter then filed suit in the 151st District Court of Harris County, Texas, generally alleging multiple causes of action against the Defendants.  Dkt. 1-1.  Defendants removed the case to this court.  Dkt. 1.  Elton Porter brings claims for (1) breach of contract; (2) tortious interference with contract; (3) misapplication of fiduciary property; and (4) violation of the Texas Free Enterprise and Antitrust Act.  Dkt. 1-1.  As part of its breach of contract claim, Elton Porter advances five theories:  (a) improper termination of the Producer Agreement; (b) continued solicitation of the policies; (c) continued renewal of the policies; (d) use of the records of the policies to solicit individual policyholders for the sale of insurance without the approval of Elton Porter; and (e) interference with the relationship between Elton Porter and the insured.  *Id.*

## II. ANALYSIS

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that Elton Porter has failed to state a claim upon which relief can be granted on its claims for breach of contract and violation of the Texas Free Enterprise and Antitrust Act.  Dkt. 4.

### A.   Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows dismissal if a plaintiff fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6); *Aschroft v. Iqbal*, 566 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  In considering Rule 12(b)(6) motions, courts accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).  Generally, the court does not look beyond the face of the pleadings when determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).  However, a contract that is attached to a defendant's motion to dismiss is properly considered if it was referred to in the complaint and is central to the

plaintiff's claims. *In Re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)). In order to survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, 127 S. Ct. 1955 (2007).

**B.     *Analysis***

Defendants deny engagement in any wrongful conduct as alleged. Dkt. 6. They argue that the Producer Agreement between the parties was properly terminated in accordance with the terms of the Agreement. Dkt. 4. Section 10(v) of the Producer Agreement allows for termination of the contract by either party when written notice of termination is given not less than sixty (60) days prior to the effective date of termination. Dkt. 3. Elton Porter and the Defendants agree that Markel gave notice of termination on January 18, 2011 to take effect on March 31, 2011. Dkt. 6. Elton Porter points to no terms of the contract or applicable law which would require the Defendants to show cause before exercising their termination rights under §10(v) of the Producer Agreement. Accordingly, termination was proper under the plain language of the Producer Agreement. Elton Porter's theory of breach of contract by improper termination fails. However, Elton Porter has alleged four (4) other theories of breach of contract which the Defendants' motion to dismiss does not address. Accordingly, Defendants' motion to dismiss the breach of contract claim is DENIED.

Defendants also contend that Elton Porter's claims pursuant to the Texas Free Enterprise and Antitrust Act ("the Act") should be dismissed because their alleged conduct does not constitute anticompetitive behavior in violation of the Act. Dkt. 4. The Act is to be construed "in harmony with federal judicial interpretations of comparable federal antitrust statutes." TEX. BUS. & COM. CODE ANN. § 15.04 (Vernon 2011). To survive a Rule 12(b)(6) motion to dismiss, a complaint need

not contain detailed factual allegations, but it must state grounds for entitlement to relief beyond mere conclusions which raise the right to relief above the speculative level. *Twombly*, 550 U.S. at 555. Elton Porter's original petition does not state the underlying facts that give rise to Defendants' alleged attempt to monopolize or conspiracy to monopolize in violation of the Act. *See* Dkt. 1-1. Elton Porter's response to the Defendants' motion to dismiss alleges additional facts in support of the claim. Dkt. 9. However, it is insufficient to allege further facts in the response to the motion to dismiss; the factual matter must be contained in the pleadings themselves. The Fifth Circuit has held that leave to amend is to be granted liberally unless the party has acted in bad faith or if granting leave to amend would cause prejudice. *Jebaco, Inc. v. Harrah's Operating Co., Inc.*, 587 F.3d 314, 322 (5th Cir. 2009). Accordingly, Defendants' motion to dismiss the claim alleging violations of the Texas Free Enterprise and Antitrust Act is GRANTED. This claim is dismissed without prejudice to amend to plead violations of the Act in sufficient detail in compliance with the *Twombly* standard on or before August 30, 2012, as set forth in the Scheduling Order. Dkt. 15.

### III. CONCLUSION

Defendants' motion to dismiss the breach of contract claim is DENIED. Defendants' motion to dismiss the claim alleging violation of the Texas Free Enterprise and Antitrust Act is GRANTED. Elton Porter's claim for violation of the Texas Free Enterprise and Antitrust Act is dismissed without prejudice to amend before August 30, 2012.

Signed at Houston, Texas on June 6, 2012.

_____
Gray H. Miller
United States District Judge